United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCELINO BANDA BANDA, | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 4:26-cv-08441 |
| v. | § | |
| | § | |
| WARDEN, Joe Corley Processing Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner, Marcelino Banda Banda, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. Represented by counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Dkt. No. 1). The federal respondents have filed a Motion to Stay and In the Alternative, Motion to Dismiss and/for Summary Judgment. (Dkt. No. 7). Having considered the parties' arguments and the applicable legal authority, the Court denies the respondents' Motion to Stay and In the Alternative, Motion to Dismiss and/for Summary Judgment and grants in part the petition for a writ of habeas corpus.[1]

[1] The petitioner seeks attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Fifth Circuit precedent does not authorize attorney's fees for successful petitions brought under 28 U.S.C. § 2241. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024). The request for attorney's fees and costs is denied.

## I. BACKGROUND

The petitioner, a citizen of Mexico, entered the United States without inspection in approximately May of 1996. (Dkt. No. 1 at 17). The petitioner was taken into ICE custody on September 15, 2026, following a traffic stop where he was a passenger in the vehicle. (*Id.* at 17–18). He has been detained since that time. DHS served the petitioner with a Notice to Appear in immigration court, initiating removal proceedings. (*Id.* at 89). The Notice to Appear designated the petitioner as "an alien present in the United States who has not been admitted or paroled." (*Id.*). The petitioner's immigration proceedings remain on-going. (*See Automated Case Information*, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en (last visited Oct. 15, 2026)).[2]

The petitioner has two United States citizen children, one of whom suffers from cerebral palsy and requires extensive medical attention. (*Id.* at 17). The petitioner is the sole economic provider for his family. (*Id.*) The petitioner has no criminal history. (*Id.* at 19).

## II. ANALYSIS

On February 6, 2026, in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) a divided panel of the Fifth Circuit decided the statutory question of whether noncitizens who were present in the United States and who had not been admitted or paroled are subject to detention under 8 U.S.C. § 1225(b)(2). The statutory question decided in *Buenrostro-*

[2] Publicly available information related to the petitioner's immigration proceedings may be found by searching for the petitioner by the petitioner's A-number and nationality at the Executive Office for Immigration Review's website, available at https://acis.eoir.justice.gov/en (last visited Sept. 14, 2026).

*Mendez* applies to the petitioner. However, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [the petitioner] is being detained in violation of [the petitioner's] constitutional right to procedural due process." *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026). The Court concludes that the petitioner's continued mandatory detention under § 1225(b), as applied to him, violates his due process rights.[3]

In several recent decisions this Court has addressed similar cases where the petitioner noncitizen was found to have acquired a liberty interest in being free from government detention without due process of law by virtue of living in the United States for a marked period of time and having established connections in this country. *See Jaimes Landeros v. Warden*, Civil No. 4:26-cv-694 (S.D. Tex., Apr. 27, 2026); *Perales Rios v. Warden*, Civil No. 4:26-cv-950 (S.D. Tex., Apr. 28, 2026); *Perez Garcia v. Warden*, Civil No. 4:26-cv-2027 (S.D. Tex., May 1, 2026); *Guerrero Gomez v. Warden*, Civil No. 4:26-cv-2192 (S.D. Tex. May 1, 2026); *Montes Espinoza v. Warden*, Civil No. 4:26-cv-3070 (S.D. Tex., May 14, 2026). Similar to the reasons articulated in those cases, the Court finds that the petitioner in this case has a significant private interest in being free from physical detention, that the risk of erroneous deprivation of the petitioner's liberty interest is significant because he has not been afforded any opportunity to be heard regarding his confinement, and that the government's interest does not outweigh the first two factors.

[3] The Court, therefore, does not address the petitioner's other claims because the petition can be resolved on procedural due process grounds.

The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Rodriguez v. Frink*, No. 4:26-CV-00798, 2026 WL 709487, at *10 (S.D. Tex. Mar. 13, 2026). The petitioner's continued mandatory detention under § 1225(b), as applied to him, violates his due process rights and the petitioner is entitled to relief.[4]

## III. APPROPRIATE RELIEF

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

When a noncitizen "has demonstrated a profound liberty interest in his [or her] freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention . . . immediate release is appropriate." *Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026). "[A] bond 'hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a

[4] The respondent requests that the Court stay this case pending the Fifth Circuit's en banc decision on the merits in *Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *reh'g en banc granted, opinion vacated,* 181 F.4th 608 (5th Cir. 2026). This Court has already rejected the government's argument that the stay order entered in *Sosnava Rodriguez* binds this court to a blanket stay of the immigration habeas cases pending before it. *See Centeno-Orozco v. Warden*, Civil Action No. 4:26-cv-5223, Dkt. No. 7 (S.D. Tex., Aug.19, 2026).

person of the freedom that lies at the heart of the Due Process Clause.'" *Id.* (quoting *Gonzalez v. Joyce*, 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025)) (internal quotation marks omitted); *see also Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319–20 (E.D.N.Y. 2025) ("[A] post-deprivation bond hearing before a DHS officer or even an immigration judge would provide no genuine opportunity to relief because the detention without adequate pre-deprivation procedures has already been carried out.") (citations omitted).

The Court determines that immediate release is the appropriate relief for the unlawful detention in this case. *See, e.g.*, *Aroca v. Mason*, 819 F. Supp. 3d 517, 548 (S.D.W. Va. 2026) ("Petitioners have met their burden of proving that they are being held contrary to law [under the Due Process Clause]. Accordingly, Petitioners' immediate release is warranted.") (internal citation omitted); *Angel v. Noem*, No. 1:26-CV-00384-DAE, 2026 WL 594368, at *5 (W.D. Tex. Mar. 3, 2026) (holding that the petitioner's procedural due process rights had been violated and that immediate release is the appropriate remedy).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondents' Motion to Stay and In the Alternative, Motion to Dismiss and/for Summary Judgment (Dkt. No. 7) is **DENIED.**

2. The petition for a writ of habeas corpus filed by Marcelino Banda Banda (Dkt. No. 1) is **GRANTED** in part.

3. Any other pending motions are **DENIED as moot**.

4. The respondents are **ORDERED** to release Marcelino Banda Banda from custody, under conditions of release (if any) no more restrictive than those in place prior to the detention at issue in this case, **within 24 hours of entry of this Order**. The petitioner must be released in a public place within the Southern District of Texas, and the respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than three hours before his release**.

5. The respondents are **ORDERED** to return to the petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during his detention.

6. If the respondents seek to re-detain the petitioner during the pendency of his removal proceedings, they must provide notice to the petitioner and a pre-detention hearing before an immigration judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. The respondents similarly may not subject the petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

7. The parties are further **ORDERED** to **CONFER** and **FILE** a joint status report **within five (5) days of the date of this Order**, confirming that the petitioner has been released and indicating whether this case may be closed.

The Clerk shall send a copy of this Order to the parties.

It is so ORDERED.

SIGNED on October 16, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge